UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| BARRY ROBINSON )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PIKEVILLE MEDICAL CENTER, INC., et al )<br>)<br>Defendants. ) | CASE NO.: _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Pikeville Medical Center, Inc. (hereinafter "PMC"), by and through its undersigned counsel, with reservation of all rights, hereby removes this action styled, *Barry Robinson vs. Pikeville Medical Center, Inc.*, Civil Action No. 14-CI-01374, from the Circuit Court of Pike County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Pikeville Division.

As explained below, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367 *et. seq.* Count Nineteen of the Plaintiff's Complaint is an alleged breach of the Emergency Medical Treatment and Labor Act (EMTALA) by PMC. EMTALA is a federal statute codified under 42 U.S.C. § 1395dd, and is therefore, subject to original jurisdiction before a federal court. Because this Court has original jurisdiction over Count Nineteen and all of Plaintiff's claims arise from the same controversy, this Court has supplemental jurisdiction over all other claims in this matter pursuant to 28 U.S.C. § 1367(a).

1

## I. THE STATE COURT ACTION

1. Plaintiff commenced this action by filing a complaint (the "Complaint") alleging claims of medical negligence on or about December 29, 2014 in the Commonwealth of Kentucky, Pike Circuit Court, which was docketed as Civil Action No. 14-CI-01374.

2. Plaintiff's Complaint against the Defendants alleges claims of medical negligence against PMC and treating physicians regarding medical care and treatment that the Plaintiff received during visits to the PMC Emergency Department (hereinafter "ED"), from September 25, 2013, through February 17, 2014.

3. Plaintiff alleges in his Complaint at numerical paragraphs 166 and 167 that "Defendant Pikeville Medical Center is a Medicare participating hospital under EMTALA statute and its accompanying regulations." "Defendant Pikeville Medical Center violated EMTALA and its accompanying regulations in the lack of care and treatment of Barry Robinson."

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. The Pike Circuit Court is located within the United States District Court for the Eastern District of Kentucky, and therefore venue is proper in this Court pursuant to 28 U.S.C. §§ 97(a) and 1441(a) because it is the "district and division embracing the place where such action is pending."

5. Plaintiff served a copy of the Complaint and summons upon the Defendant via hand-delivery by the Pike County Kentucky Sheriff upon the Defendant's Registered Agent for Service of Process, Pamela T. May, Esq., on December 31, 2014.

6. No other pleadings or papers have been filed in this litigation.

2

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal must be filed within thirty (30) days of service of the Complaint and summons upon PMC. Since PMC is filing this Notice on January 20, 2015, removal is timely.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant PMC, which papers include the summons and Complaint is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, and a copy is being filed with the Clerk of the Commonwealth of Kentucky, Pike Circuit Court.

9. By filing a Notice of Removal in this matter, PMC does not waive its rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and PMC specifically reserves its rights to assert any defenses and/or objections to which they may be entitled.

10. As shown below, this case is removable to federal court based upon original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

### III. REMOVAL IS PROPER IN THIS CASE.

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as to Count 19 of the Complaint, which claims an alleged breach of EMTALA regulations by PMC. The assertion of an EMTALA claim is sufficient to confer the jurisdiction of a federal court under 28 U.S.C. § 1331. Taylor v. Jewish Hosp. & St. Mary's, Healthcare, Inc., 2014 U.S. Dist. LEXIS 79387 (W.D. Ky., 2014). In that case, the US District Court for the Western District of Kentucky held that This Court has supplemental jurisdiction over the remaining claims in this matter. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have

3

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In this matter all of Plaintiff's claims arise out of the same case or controversy, specifically the Plaintiff's visits to the Pikeville Medical Center emergency department and treatment received therein on multiple occasions from September 25, 2013, through February 17, 2014. Because this Court has original jurisdiction over the EMTALA claims it also has supplemental jurisdiction over the remaining claims.

12. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available under state or federal law. Defendant expressly reserves the right to move for dismiss of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

13. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

WHEREFORE, the Defendant, Pikeville Medical Center, Inc., gives notice that the matter bearing Civil Action No. 14-CI-01374, in the Pike Circuit Court, is removed to this Court pursuant to 28 U.S.C. § 1441.

This the 20th day of January, 2015.

Respectfully submitted,

**PAM MAY LAW FIRM, P.S.C.**
127 Park Street
P.O. Box 1439
Pikeville, Kentucky 41502
Telephone: (606) 432-0400
Telefax:     (606) 432-9139


/s/ Miranda D. Click
PAMELA T. MAY
MIRANDA D. CLICK
ptmay@pammaylaw.com
mclick@pammaylaw.com
*Counsel for Defendant,*
*Pikeville Medical Center, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via United States first class mail this 20th day of January, 2015, upon the following:

Kyle R. Salyer
Salyer Law Office, PLLC
P.O. Box 2213
455 2nd St.
Paintsville, KY 41240
Kyle.salyer@salyerlaw.com
*Counsel for Plaintiff Barry Robinson*

Mark E. Nichols
Wellman Nichols & Smith, PLLC
444 Lewis Hargett Circle, Suite 170
Lexington, KY 40503
mnichols@wnsattorneys.com
*Counsel for Defendants, Marshall Emergency Services, MESA Medical Group, PLLC; Troy Pope, M.D.; John Fleming, D.O.; Anthony P. Keene, D.O.; Kevin W. Brinker, D.O.; Thomas M. Huhn, M.D.; Paul Weinberger, M.D.; and Cassandra Kirkpatrick, M.D.;*

Clayton L. Robinson
Robinson & Havens, PSC,
101 Prosperous Place, Suite 100
Lexington, KY 40509
crobinson@robinsonhavens.com
*Counsel for Defendants, Pikeville Radiology, PLLC, and William A. Kendall, M.D.*

s /Miranda D. Click
PAMELA T. MAY
MIRANDA D. CLICK